# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**RITA AYMOND AND**  **CIVIL ACTION**
**JOHN R. AYMOND**

**VERSUS**  **NO. 20-62-JWD-SDJ**

**WAL-MART STORES, INC**

---

## NOTICE

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the United States District Court for the Middle District of Louisiana.

Under 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the proposed findings of fact and conclusions of law in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 27, 2020.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **RITA AYMOND AND JOHN R. AYMOND** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-62-JWD-SDJ** |
| **WAL-MART STORES, INC** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Motion to Remand (R. Doc. 7), filed by Plaintiffs, Rita Aymond and John Aymond. Defendant, Wal-Mart Stores, Inc., filed an untimely Opposition (R. Doc. 10) on April 30, 2020, without leave of Court. *See* Local Rule 7(f) (requiring response within 21 days of the February 17, 2020 Motion to Remand). Although the Court has considered Defendant's Opposition, it notes that it was improperly filed. After reviewing the parties' filings and the applicable law, the Court **recommends** that Plaintiffs' Motion to Remand be **granted**.

**I.     BACKGROUND**

Plaintiffs filed this cause of action in the 19th Judicial District Court for the Parish of East Baton Rouge after Ms. Aymond sustained injuries while shopping at a Wal-Mart in Baton Rouge. The Petition explains that Mrs. Aymond tripped and fell over a pallet on the floor, which "caused multiple fractures as well as the need for surgical intervention." (R. Doc. 1-2 at 1). She claims general categories of damages, typical of any personal injury case. Ms. Aymond's husband has also sued Defendant for loss of consortium. On January 31, 2020, Defendant timely removed

Plaintiffs' cause of action to federal court, based on diversity jurisdiction. (R. Doc. 1). Plaintiffs then filed a Motion to Remand, which the Court considers below.

## II.    APPLICABLE LAW

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States," and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

If removal is based on diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). But relevant here,[1] if the "State practice . . . permits the recovery of damages in excess of the amount demanded," removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant can meet this burden by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce sufficient evidence that the amount in controversy

---

[1] Under Louisiana law, "a final judgment shall grant the relief to which the party . . . is entitled, even if the party has not demanded such relief in his pleadings." La. C. Civ. P. art. 862. Beyond that, plaintiffs in Louisiana are generally prohibited from alleging a specific amount of damages in their pleadings, but are required to state whether there is a "lack of jurisdiction of federal courts due to insufficiency of damages." La. C. Civ. P. art. 893(A)(1).

exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002).

## III. DISCUSSION

There is no dispute that all parties are completely diverse. (R. Doc. 1 at 3); (R. Doc. 1-2 at 1). And so, the only issue before the Court is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a).[2]

### A. Amount in Controversy is Not Satisfied

Defendant suggests "it is clear on the face of the Petition that . . . the $75,000 jurisdictional limit has been met." (R. Doc. 10 at 4). "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *Davis v. JK & T Wings, Inc.*, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012); *see also Nelson v. Wal–Mart Stores, Inc.*, 2009 WL 1098905 (W.D. La. Apr. 22, 2009); *Fontenot v. Granite State Ins. Co.*, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); *Bonck v. Marriot Hotels, Inc.*, 2002 WL 31890932 (E.D. La. Dec. 30, 2002). Ultimately, "[w]hen . . . the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, the court must conclude that it was not 'facially apparent'

---

[2] Although the issue is not raised by either party, the Court notes that Mr. and Mrs. Aymond's claims — hers for personal injury and his for loss of consortium — cannot be added together to meet the required amount in controversy. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995) ("The Supreme Court has long interpreted § 1332's phrase 'matter in controversy' not to allow multiple plaintiffs to add together separate and distinct demands, united for convenience and economy in a single suit, to meet the requisite jurisdictional level.").

that the amount of damages would exceed $75,000." *Dunomes v. Trinity Marine Products, Inc.*, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014).

Here, the Petition does not provide enough facts to determine the severity of Mrs. Aymond's injuries. It simply states that she tripped and fell over a pallet on the floor, which "caused multiple fractures as well as the need for surgical intervention." (R. Doc. 1-2 at 1). Although it is Defendant's burden to show the amount in controversy is met, Defendant readily admitted in its Notice of Removal that "Plaintiff's Petition does not specify the nature of plaintiff's alleged injuries, and is silent as to the amount in controversy." (R. Doc. 1 at 2, 4) ("Plaintiff's Petition is silent as to the value of plaintiff's damages."). In its untimely Opposition, Defendant cites to several cases awarding general damages in excess of $75,000 for injuries sustained by other tort victims, but it does not give the Court any additional information as to the severity of Mrs. Aymond's injuries or the extent of the damages that she sustained in this case. In fact, Defendant appears frustrated to concede that "In their Motion to Remand, Plaintiffs fail to provide any additional details as to the injuries or resulting damages they are claiming, or any reasoning as to why the jurisdictional amount in not met." (R. Doc. 10 at 5). But Defendant bears the burden of proving that subject matter jurisdiction exists, and it is not on Plaintiffs to establish a negative.

Beyond that, Mrs. Aymond claims only broad categories of damages, all of which are typically alleged in personal injury actions — e.g., physical pain and suffering, mental pain and suffering, medical and related expenses, and any other damages that may be shown through discovery or trial. (R. Doc. 1-2 at 2). But unlike other claimants, Mrs. Aymond does not seek damages for lost wages, lost earning capacity, or future wages. Likewise, Mr. Aymond's claim for loss of consortium is equally as vague: "John R. Aymond has sustained damages herein for the loss of love, affection, society and consortium with his wife . . . ." (R. Doc. 1-2 at 4). Neither of

the Aymond's claims is sufficient to meet the amount in controversy. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995) ("The Supreme Court has long interpreted § 1332's phrase 'matter in controversy' not to allow multiple plaintiffs to add together separate and distinct demands, united for convenience and economy in a single suit, to meet the requisite jurisdictional level.").

Without more detail, the Court is unable to quantify the potential amount of recovery for either Plaintiff given the vague injuries and categorical damages alleged. Defendant points to Plaintiffs' acknowledgment that "the value of the claims of Plaintiffs"[3] meet the threshold for a jury trial in state court — $50,000. (R. Doc. 1-2 at 4). But this alone is insufficient for the Court to find that a single Plaintiff's cause of action exceeds $75,000.[4] In the absence of additional facts regarding the extent or severity of the physical injuries suffered by Mrs. Aymond, the Petition does not provide enough information for the Court to conclude that the amount in controversy is facially apparent, as Defendant claims. *See Simon v. Wal–Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). And because Defendant has not provided any summary-judgment type evidence in support of removal, its burden has not been met.

---

[3] Louisiana Courts do not allow multiple plaintiffs to aggregate their claims to meet the jury threshold; instead, a single plaintiff's cause of action must satisfy the required amount. *See Benoit v. Allstate Ins. Co.*, 773 So.2d 702, 706 (La. 2000). Nonetheless, the Court notes that the wording of the Petition — "the value of the claims of Plaintiffs'' — suggests a single value, impermissibly based on multiple claims. This issue is, however, is not addressed by the parties.

[4] *See Exxon Mobil Corp. v. Allopath Servs., Inc.*, 545 U.S. 546, 566 (2005) (district court has supplemental jurisdiction "[w]hen the well-pleaded complaint . . . includes multiple claims, all part of the same case or controversy, and some, but not all, of the claims are within the court's original jurisdiction."); *Lecoq v. Great W. Cas. Co.*, 2013 WL 4897385, at *3 (M.D. La. Sept. 11, 2013) ("Because Plaintiffs' claims arise out of the same 'case or controversy,' as long as one of the Lecoq's claims satisfy the amount in controversy requirement, the Court may exercise supplemental jurisdiction over the entire civil action."); *Booty v. Shoney's, Inc.*, 872 F. Supp. 1524, 1527 (E.D. La. 1995) (where the court had diversity jurisdiction over Mrs. Booty's slip-and-fall claim, the court also had supplemental jurisdiction over Mr. Booty's derivative and closely-related loss of consortium claim, even though the loss of consortium claim did not exceed the jurisdictional limit).

### B. Plaintiff's Stipulation

Attached to their Motion to Remand, Plaintiffs "stipulate that the current amount in controversy is $75,000 or less, exclusive of interest and costs." (R. Doc. 7-2). Defendant insists that the Court not consider the Stipulation because jurisdiction attaches at the time of removal and Plaintiffs cannot divest the Court of jurisdiction by later stipulating to a lesser amount. (R. Doc. 10 at 5). Defendant is correct that jurisdiction attaches at the time of removal if the requirements for diversity jurisdiction are satisfied, and, in that situation, a post-removal stipulation has no effect. *Allen v. R.H. Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). A post-removal stipulation can however be used to clarify an ambiguous issue, like the amount in controversy. *See Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993). But as the Court has explained, the amount in controversy has not been satisfied in this case. There is no ambiguity that requires clarification by a stipulation. Defendant has failed to carry its burden of proving that the amount in controversy existed at the time of removal. For these reasons, it is unnecessary for the Court to consider Plaintiffs' Stipulation. (R. Doc. 7-2).

### IV. CONCLUSION

For the reasons given above, the Court **RECOMMENDS** that Plaintiffs' Motion to Remand (R. Doc. 7) be **GRANTED** and this case be **remanded** back to the 19th Judicial District Court for further proceedings.

Signed in Baton Rouge, Louisiana, on August 27, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**